DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellant,

v.

**THE KIDWELL GROUP, LLC,** d/b/a
**AIR QUALITY ASSESSORS OF FLORIDA,** a/a/o **CLIFF WARREN,**
Appellee.

No. 4D22-1314

[June 28, 2023]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kathleen McHugh, Judge; L.T. Case No. COCE21-006136.

Joshua S. Beck of Beck Law, P.A., Boca Raton, and Brett R. Frankel, Jonathan Sabghir and Robert B. Gertzman of People's Trust Insurance Company, Deerfield Beach, for appellant.

Chad A. Barr of Chad Barr Law, Altamonte Springs, for appellee.

CIKLIN, J.

People's Trust Insurance Company ("the insurer") appeals a final judgment entered in favor of the Kidwell Group LLC d/b/a Air Quality Assessors of Florida ("AQA"). We agree that the trial court erred by (1) denying the insurer's motion for a directed verdict and (2) giving an erroneous jury verdict form and jury instructions, and we reverse.

The instant case involves a breach of contract action. A homeowner who had purchased the insurer's policy sustained damage in a hurricane. Relevant to this appeal, the policy's loss settlement provision states that the insurer will pay "the cost to repair or replace" the damaged property.

The homeowner hired a public adjuster, and the public adjuster filed a claim with the insurer, which claim included costs for a full roof replacement. Through the public adjuster, the homeowner then hired AQA to prepare an "engineering report" opining on the cause and extent of the

damages to send to the insurer. In exchange for this engineering report, the homeowner assigned his benefits under the insurance policy to AQA.

The insurer admitted a covered loss had occurred and settled the claim with the homeowner for $30,000 which was greater than the cost for a new roof. The homeowner then hired a roofing company which completed his roof replacement. The homeowner never discussed AQA's engineering report with the roofing company, nor did he provide the roofing company with a copy of the report.

AQA sent the insurer an invoice for $3,500 for its engineering report. The insurer refused to pay AQA, contending that the engineering report's cost was not covered under the policy because it "is not a physical loss to the property and is akin to a consulting fee that is not covered under the policy" and "it is not a cost to repair or replace covered property." AQA sued the insurer for breach of contract seeking $3,500 in damages.

In the pre-trial proceedings below, the trial court denied the insurer's motion for summary judgment on the basis that "there remains a genuine dispute of material fact as to whether the Plaintiff['s] services constituted a cost of repair or replacement under the loss settlement provision of the subject policy of insurance." The parties do not challenge this ruling on appeal. Therefore, we do not address the propriety of this determination.

The matter proceeded to trial and the insurer, in its opening statement, specifically conceded that the homeowner's roof damage was a covered loss and that no policy exclusions applied. However, the insurer argued that the engineering report's cost was not covered by the policy because the report was not used in any capacity for the repair or replacement of the roof. After AQA presented its case-in-chief, the insurer moved for a directed verdict and again did so after presenting its own evidence, each time arguing that AQA failed to present evidence that the engineering report was used for the repair or replacement of the roof, thus failing to prove that the insurer breached the policy by refusing to pay the "cost to repair or replace" the roof as expressly provided by the contract of insurance. The trial court erroneously denied the motions.

"The standard of review on appeal of the trial court's ruling on a motion for directed verdict is *de novo.*" *MasTec N. Am., Inc. v. Morakis*, 288 So. 3d 685, 688 (Fla. 4th DCA 2019) (quoting *Young v. Becker & Poliakoff, P.A.*, 88 So. 3d 1002, 1011 (Fla. 4th DCA 2012)). "A motion for directed verdict should not be granted unless the trial court, after viewing the evidence in the light most favorable to the non-moving party, determines that no

reasonable jury could render a verdict for the non-moving party." *Id.* (quoting *Houghton v. Bond*, 680 So. 2d 514, 522 (Fla. 1st DCA 1996)).

At trial, the trial court erred by denying the motion for a directed verdict because AQA, in fact, failed to prove that its engineering report was a "cost to repair or replace" under the policy.

From the outset of the trial, it remained undisputed that AQA's report was not used in the roof replacement project. The roofing contractor was never given the report, and the homeowner did not use the report. In fact, AQA's corporate representative readily acknowledged that AQA was not "swinging the hammer." The homeowner testified that he never spoke with anyone at AQA, and was not even aware of AQA's involvement in the claim until receiving a subpoena in this breach of contract litigation. Another of AQA's witnesses, an engineer, acknowledged that "the more prudent course of action" might have been to hire an engineer prior to repairing or replacing a roof where an "unprecedented storm" is involved, but he nevertheless acknowledged that it was not necessary to obtain an engineering report. The insurer's expert general contractor testified that an engineering report is not required before replacing a roof, and that in his forty-seven years of construction experience of overseeing the replacement of hundreds of roofs, including those damaged by hurricanes, he has never obtained an engineering report.

None of the evidence presented demonstrated that AQA's $3,500 engineering report was a "cost to repair or replace" the roof. In fact, the evidence proved the opposite. Based on the evidence offered at trial, no reasonable jury could have determined that the engineering report was a "cost to repair or replace" the roof, and, accordingly, the trial court should have granted the insurer's motion for a directed verdict.

As far we can tell, however, the jury did not act in an unreasonable manner, but rather it was led astray by the second error that occurred at trial: erroneous jury instructions and an erroneous verdict form. "A trial court is accorded broad discretion in formulating appropriate jury instructions and its decision should not be reversed unless the error complained of resulted in a miscarriage of justice or the instruction was reasonably calculated to confuse or mislead the jury." *Premier Lab Supply, Inc. v. Chemplex Indus., Inc.*, 94 So. 3d 640, 644 (Fla. 4th DCA 2012) (quoting *Barton Protective Servs., Inc. v. Faber*, 745 So. 2d 968, 974 (Fla. 4th DCA 1999)). "Reversible error occurs when an instruction is not only an erroneous or incomplete statement of the law, but is also confusing or misleading." *Gross v. Lyons*, 721 So. 2d 304, 306 (Fla. 4th DCA 1998).

The verdict form approved by the trial court did not ask the jury whether the engineering report's cost was a "cost to repair or replace" the property, despite the trial court's ruling that this was the very question that precluded summary judgment because it was an issue to be decided by the trier of fact. There were no instructions included on this question. Inexplicably, the verdict form and corresponding instructions instead asked the jury to determine (1) whether the damage occurred during the coverage period, and (2) whether a policy exclusion applied, two points which the insurer had *conceded well prior to trial* and again expressly before the jury in opening statements. The jury was then instructed that if it answered "no" to the second question, its verdict was for AQA. In other words, the jury was not given the opportunity to determine if AQA's evidence sufficiently established that the engineering report's cost was a "cost to repair or replace" the property.[1]

The remaining issues raised are moot in light of our determinations.

Accordingly, we reverse and remand with directions to enter a verdict in favor of the insurer.

*Reversed and remanded with instructions.*

KLINGENSMITH, C.J., and GROSS, J., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Contrary to AQA's argument, this issue was preserved for review because the proposed instructions and verdict form were filed prior to the close of evidence. *See* Fla. R. Civ. P. 1.470(b) ("Not later than at the close of the evidence, the parties shall file written requests that the court instruct the jury on the law set forth in such requests.").